UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIRSTEN B.,[1]

                                            Plaintiff,                Case # 20-CV-1275-FPG

v.                                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

Plaintiff Kirsten B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In February 2015, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 94, 105. She alleged disability since February 2015 due to a concussion. *Id.* In December 2019, Administrative Law Judge Timothy M. McGuan ("the ALJ")

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

issued a decision finding that Plaintiff is not disabled. Tr. 15-27. In July 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 2015, her alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had severe impairments of status post concussions, depression, anxiety, patellar contusion of the right knee, left knee sprain, and bilateral plantar fasciitis. Tr. 18. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with additional limitations. Tr. 19. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 25. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 26. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 27.

### II. Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ did not reasonably evaluate her alleged fibromyalgia. *See* ECF No. 11-1 at 15-18. Because the Court agrees, it need not address Plaintiff's other arguments.

"[F]ibromyalgia is a disabling impairment" characterized by "'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots." *Janine H. v. Comm'r of Soc. Sec.*, No. 19-CV-1432, 2021 WL 1185872, at *2-3 (W.D.N.Y. Mar. 30, 2021) (internal quotation marks omitted). "[A] diagnosis of fibromyalgia is based primarily, if not entirely, on subjective complaints of pain," *Johnston v. Barnhart*, 378 F. Supp. 2d 274, 281 (W.D.N.Y. 2005), and there

are "no laboratory tests for the presence or severity of fibromyalgia." *Janine H.*, 2021 WL 1185872, at *2.

To address this evidentiary gap, the SSA promulgated Social Security Ruling 12-2p, which "provides guidance on how [it] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia." S.S.R. 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). The ruling "sets forth the criteria for establishing fibromyalgia as a medically determinable impairment: (1) a physician must have diagnosed fibromyalgia, (2) the physician must have provided evidence described by either the 1990 American College of Rheumatology ('ACR') criteria or the 2010 ACR Preliminary Diagnostic Criteria; and (3) the physician's diagnosis must not be inconsistent with other evidence in the record." *Villar v. Comm'r of Soc. Sec.*, No. 19-CV-144, 2020 WL 1131225, at *2 (W.D.N.Y. Mar. 9, 2020).

> Under the 1990 ACR criteria, a person must show: (1) "[a] history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back—that has persisted (or that persisted) for at least 3 months," though the pain "may fluctuate in intensity and may not always be present"; (2) "[a]t least 11 positive tender points on physical examination," provided these points are "found bilaterally" and "both above and below the waist"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded."
>
> Alternatively, under the 2010 ACR criteria a person must show: (1) "[a] history of widespread pain" as defined above; (2) "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome" and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded."

*Id.* (quoting *Danielle W. v. Comm'r of Soc. Sec.*, No. 18-CV-184, 2019 WL 2358529, at *4 (N.D.N.Y. June 4, 2019)). If the evidence in the record is insufficient to allow the ALJ to determine whether the claimant has fibromyalgia, Social Security Ruling 12-2p directs the ALJ to

5

take one of several steps, including recontacting the claimant's medical sources, obtaining additional medical records, or asking the claimant for more information. *See* SSR 12-2p, 2012 WL 3104869, at *4.  It is only when the evidence is "still insufficient" to determine whether the claimant has fibromyalgia, despite the SSA's "efforts to obtain additional evidence," that the ALJ may "make a determination or decision based on the evidence" available. *Id.*

In this case, the ALJ only noted Plaintiff's alleged fibromyalgia in passing at step two. He wrote:

> The claimant alleges that fibromyalgia contributes to her disability.  The claimant's show [sic] that she reports fibromyalgia by history, but the medical records do not establish fibromyalgia with the objective findings required by Social Security Ruling 14-2p [sic].  Accordingly, based on this record, fibromyalgia is not a medically determinable impairment.

Tr. 18 (internal citations omitted).  The ALJ does not discuss the record evidence or explicitly apply the relevant criteria of Social Security 12-2p.

Under the circumstances, the ALJ's discussion of Plaintiff's alleged fibromyalgia was erroneous.  In all cases, an ALJ's analysis of the issues relevant to a claimant's application must be "sufficiently discernible as to allow [the] reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020).  This is no different in the context of a claim of fibromyalgia: an ALJ must sufficiently articulate his rationale for concluding that a claimant's alleged fibromyalgia is "not a medically determinable impairment according to the guidance detailed in SSR 12-2p." *Diaz v. Comm'r of Soc. Sec.*, No. 18-CV-6224, 2019 WL 2401593, at *4 (W.D.N.Y. June 7, 2019); *see also Joseph Y. v. Comm'r of Soc. Sec.*, No. 20-CV-319, 2022 WL 125821, at *2-3 (W.D.N.Y. Jan. 13, 2022) (remanding where the district

court had "nothing more than the ALJ's say-so that [the claimant's] fibromyalgia was not a medically determinable impairment under SSR 12-2p").

The ALJ's discussion in this case does not permit meaningful judicial review. The ALJ does not discuss any of the evidence relevant to Plaintiff's claimed fibromyalgia, let alone apply Social Security Ruling 12-2p's criteria to that evidence to decide whether her fibromyalgia is a medically determinable impairment. *See* Tr. 18. All the Court has is the ALJ's "say-so" that the medical records "do not establish fibromyalgia." *Id.* The ALJ may ultimately be correct that Plaintiff's claimed fibromyalgia is not a medically determinable impairment, but a more explicit analysis of the relevant criteria is required. *Accord Heineck-Polizzi v. Comm'r of Soc. Sec.*, No. 18-CV-1445, 2020 WL 1284017, at *3, 5 (W.D.N.Y. Mar. 18, 2020) (remanding where, with respect to Plaintiff's fibromyalgia, the ALJ simply stated that she "considered Plaintiff's fibromyalgia under Social Security Ruling 12-2p and found that Plaintiff did not meet the requirements" (internal brackets omitted)).

Such an analysis would have been useful in this case, because there is at least some evidence to support Plaintiff's claim. A rheumatologist assessed Plaintiff with fibromyalgia in December 2016, *see* Tr. 574, and, consistent with some of the criteria listed in Social Security Ruling 12-2p, medical evidence suggests that Plaintiff has (a) complained of widespread pain, *see* Tr. 474, 481, 593, 1263, (b) repeatedly displayed tender points in her suboccipital area, cervical spine, and trapezius muscles, Tr. 486, 494, 578, 593, 1265, and (c) manifested symptoms like fatigue, headaches, dizziness, insomnia, depression, and memory problems, Tr. 486, 494, 523, 549, 617. *See also* S.S.R. 12-2p, 2012 WL 3104869, at *2-3 & n.9. While he noted some of this evidence when constructing the RFC, *see* Tr. 20-22, the ALJ did not analyze these records at step two, in accordance with Social Security Ruling 12-2p. *See* Tr. 18. In addition, to the extent the

ALJ found the record insufficient as it existed, he could have sought to further develop the record, as the ruling directs. *See* S.S.R. 12-2p, 2012 WL 3104869, at *4; *see also Heineck-Polizzi*, 2020 WL 1284017, at *5 ("[R]ather than reject Plaintiff's fibromyalgia diagnoses without an explanation, given the [supportive] evidence in the record, the ALJ should have further developed the record.").

Accordingly, remand is required. On remand, the ALJ is directed to consider and expressly address Plaintiff's claimed fibromyalgia in accordance with Social Security Ruling 12-2p, which may include further development of the record.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 11, 2022
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York